## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID BORGE SANTOS JR., | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; and U.S. DEPARTMENT OF EDUCATION, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DAVID BORGE SANTOS JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA (hereinafter "MOHELA"); and U.S. DEPARTMENT OF EDUCATION (hereinafter "USDOE") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Clark County in the State of Nevada. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     MOHELA is a corporation headquartered at 633 Spirit Drive in Chesterfield, Missouri 63005 that upon information and belief conducts business in the State of Georgia.

20.     MOHELA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     MOHELA furnished information about Plaintiff to the CRAs that was inaccurate.

22.     USDOE is a corporation headquartered at 400 Maryland Avenue, SW in Washington, DC 20202 that upon information and belief conducts business in the State of Georgia.

23.     USDOE is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     USDOE furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

25.     Plaintiff is alleged to owe a debt to MOHELA, partial account number ending in x0001, as to a student loan (hereinafter "MOHELA Account").

Plaintiff never applied or gave permission to anyone to apply using his information for the MOHELA Account.

26.     Plaintiff is alleged to owe a debt to USDOE, partial account number ending in x29, as to a student loan (hereinafter "USDOE Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the USDOE Account.

27.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

28.     Plaintiff first became aware of the erroneous accounts in or about 2016 when he received a letter in the mail stating he defaulted on his student loan.

29.     Shortly thereafter, Plaintiff visited the college in Nevada where the loan originated. Plaintiff was also provided a copy of his application. However, the application was not completed by Plaintiff who never attended that school and contained incorrect contact information and driver's license number.

30.     Over the next several years, Plaintiff made multiple attempts to dispute the erroneous accounts with the CRAs without much success.

31.     On or about April 5, 2024, Plaintiff filed a complaint with the Nevada Attorney General regarding the erroneous accounts.

32.    On or about July 22, 2024, Plaintiff obtained copies of his credit reports from Equifax and Experian. Plaintiff attempted to obtain a copy of his Trans Union credit report but received an error message that it was unavailable. Upon review, Plaintiff observed inaccurate personal identifying information. Further, the MOHELA Account was reported with a status of transferred/sold and 120 days past due, and the USDOE Account was reported with a status of collections and balance of $3,188.

33.    On or about August 6, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 175735882. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts listed in his credit report did not belong to him.

34.    Due to the inaccurate reporting, on or about August 7, 2024, Plaintiff submitted online a detailed dispute letter to Experian; on or about August 8, 2024, Plaintiff submitted online a detailed dispute letter to Equifax; and on or about August 12, 2024, Plaintiff mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff requested a copy of his credit report and advised inaccurate personal identifying information was in his credit file. Further, Plaintiff advised he was a victim of identity theft and that the erroneous MOHELA Account and USDOE Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license in the letter. Further, Plaintiff provided images of the erroneous

reporting, images of his filed FTC Identity Theft Report, images of his complaint filed with the Nevada Attorney General, and other supporting documents.

35.    Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail to 9407 1112 0620 4092 1110 72.

36.    On or about August 10, 2024, Plaintiff received a response from Equifax which stated it removed an address from Plaintiff's credit file, and that the disputed item was not in Plaintiff's credit report.

37.    On or about August 11, 2024, Plaintiff received another response from Equifax which stated it would not be blocking the requested information.

38.    On or about August 21, 2024, Plaintiff received dispute results from Equifax which stated the USDOE Account was verified as accurate. Plaintiff did not receive dispute results as to the MOHELA Account; however, upon review of the credit report included with his dispute results, Plaintiff observed the MOHELA Account continued to be reported with a comment which indicated the account was previously disputed and verified as accurate.

39.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41.     Upon information and belief, Equifax notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.     Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

43.     On or about August 18, 2024, Plaintiff received a response from Trans Union which stated the disputed item was not appearing in his credit report.

44.     Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of his updated credit report from Trans Union.

45.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

46.     On or about August 28, 2024, Plaintiff received dispute results from Experian which stated the USDOE Account was verified as accurate. Upon review of his updated Experian credit report included with his dispute results, Plaintiff observed the MOHELA Account was not reported.

47.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.    Experian never attempted to contact Plaintiff during the alleged investigation.

49.    Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.    Due to the continued inaccurate reporting, on or about September 4, 2024, Plaintiff submitted online a detailed dispute letter to Equifax and Experian and mailed a detailed dispute letter to Trans Union. In the letter, Plaintiff again requested a copy of his credit report and reiterated he was a victim of identity theft. Further, Plaintiff advised that the erroneous MOHELA Account and USDOE Account did not belong to him. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, and mail from his utility company in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of complaint filed with the Nevada Attorney General, and other supporting documents.

51.    Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail to 9407 1112 0620 5864 8861 05.

52.     On or about September 6, 2024, Plaintiff received a response from Experian which stated his dispute results were not available online. However, Plaintiff also received a copy of his credit report from Experian, and upon review, Plaintiff observed the USDOE Account continued to be reported with a comment which stated, "This item remained unchanged from our processing of your dispute in Sep 2024".

53.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

54.     Experian never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Experian notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     On or about September 13, 2024, Plaintiff received a response from Trans Union which stated his request to block information was denied because his dispute letter appeared to come from an unauthorized third party despite Plaintiff including three (3) forms of identification in the letter.

57.     Despite confirmation of delivery, Plaintiff did not receive dispute results or a copy of his credit report from Trans Union. However, on or about October

25, 2024, Plaintiff reviewed his Trans Union credit report through his Trans Union membership and observed the USDOE Account continued to be reported.

58.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

59.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

60.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

61.     Upon information and belief, Trans Union notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

62.     On or about September 18, 2024, Plaintiff received dispute results from Equifax which stated the USDOE Account was verified as accurate. Plaintiff did not receive dispute results as to the MOHELA Account; however, upon review of the credit report included with his dispute results, Plaintiff observed the MOHELA Account continued to be reported with a comment which indicated the account was previously disputed and verified as accurate.

63.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

64.    Equifax never attempted to contact Plaintiff during the alleged investigation.

65.    Upon information and belief, Equifax notified MOHELA of Plaintiff's dispute. However, MOHELA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

66.    Upon information and belief, Equifax notified USDOE of Plaintiff's dispute. However, USDOE failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

67.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous MOHELA Account and USDOE Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

68.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

69.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

70.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii. Loss of time attempting to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

  iv. Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

71.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

72.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.     Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

74.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

76.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

77.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

78.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

82.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

83.    Equifax allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

84.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

85.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

86.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

87.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

88.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

92.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

94.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

95.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

99.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

20

100.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

101.   Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

102.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

106.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

107.   Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

108.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

110.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

111.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

112.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

115.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

116.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117.   Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

118.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

119.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

120.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

121.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

122.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

123.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

124.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

125.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

126.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

127.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

128.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

26

129.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

131.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

132.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

133.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

134.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

135.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

136.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

140.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

141.   Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

142.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

143.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

144.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

145.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

146.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

148.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

150.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

151.   Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

31

152.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

153.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

154.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

155.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

156.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

158.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

160.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

161.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

33

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

162.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

163.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

164.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

165.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

166.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

167.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

168.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

169.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

170.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

171.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

172.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Negligent)**

36

173.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

174.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

175.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff and that the dispute letter came from Plaintiff.

176.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

177.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

178.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

179.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

180.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

181.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

182.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff and that the dispute letter came from Plaintiff.

183.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

184.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

185.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

186.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Missouri Higher Education Loan Authority
d/b/a MOHELA (Negligent)**

187.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

188.    MOHELA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

189.    After receiving Plaintiff's disputes, MOHELA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

190.    Plaintiff provided all the relevant information and documents necessary for MOHELA to have identified that the account was erroneous.

191.    MOHELA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to MOHELA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with

40

which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

192.   MOHELA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

193.   As a direct result of this conduct, action, and/or inaction of MOHELA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

194.   The conduct, action, and inaction of MOHELA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

195.   Plaintiff is entitled to recover costs and attorney's fees from MOHELA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XVI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Missouri Higher Education Loan Authority**
**d/b/a MOHELA (Willful)**

196.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

197.   MOHELA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

198.   After receiving Plaintiff's disputes, MOHELA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

199.   Plaintiff provided all the relevant information and documents necessary for MOHELA to have identified that the account was erroneous.

200.   MOHELA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to MOHELA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

201.   MOHELA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

202.   As a direct result of this conduct, action, and/or inaction of MOHELA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

203.   The conduct, action, and inaction of MOHELA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

204.   Plaintiff is entitled to recover costs and attorney's fees from MOHELA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Department of Education (Negligent)

205.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

206.   USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

207.   After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

208.   Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the account was erroneous.

44

209.   USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

210.   USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

211.   As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

212.   The conduct, action, and inaction of USDOE was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

213.   Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual damages against Defendant, U.S. DEPARTMENT OF EDUCATION; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Department of Education (Willful)

214.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy (70) above as if fully stated herein.

215.   USDOE furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

216.   After receiving Plaintiff's disputes, USDOE violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

217.   Plaintiff provided all the relevant information and documents necessary for USDOE to have identified that the account was erroneous.

218.   USDOE did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USDOE by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

219.   USDOE violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

220.   As a direct result of this conduct, action, and/or inaction of USDOE, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

221.   The conduct, action, and inaction of USDOE was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

222.   Plaintiff is entitled to recover costs and attorney's fees from USDOE in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, U.S. DEPARTMENT OF EDUCATION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID BORGE SANTOS JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; MISSOURI HIGHER EDUCATION LOAN AUTHORITY d/b/a MOHELA; and

U.S. DEPARTMENT OF EDUCATION, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*